REC'D BY___ *AP* ___D.C.

*Jun 25, 2026*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI


# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

Appeal No. ____-_____ (to be assigned)

SEACOAST NATIONAL BANK, Plaintiff/Appellee,

vs.

M/V SLOW UR ROLL II, Official No. 1220768, HIN: RJDE0005I708, in rem, and STARBOARD YACHT GROUP LLC, a Florida limited liability company, in personam, Defendants/Appellees.

CHARLES JACOB STRATMANN, Claimant/Appellant.

On Appeal from the United States District Court for the Southern District of Florida, Fort Lauderdale Division, Case No. 0:26-cv-60289-WPD, Hon. William P. Dimitrouleas

**EMERGENCY MOTION OF APPELLANT CHARLES JACOB STRATMANN**

**FOR STAY OF JUDICIAL SALE PENDING APPEAL**

**PURSUANT TO FED. R. APP. P. 8(a)(2)**

**SALE SCHEDULED FOR JUNE 26, 2026, AT 12:00 PM EST**

**IRREVERSIBLE HARM IMMINENT**

1

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

## (11th Cir. Local Rule 26.1)

Pursuant to Fed. R. App. P. 26.1 and Eleventh Circuit Local Rule 26.1, Appellant Charles Jacob Stratmann certifies that the following persons and entities have an interest in the outcome of this appeal:

1. Stratmann, Charles Jacob — Claimant/Appellant, pro se

2. Starboard Yacht Group LLC — Defendant in personam; defaulted; Florida LLC; sole member is Appellant Stratmann

3. Seacoast National Bank — Plaintiff/Appellee; federally chartered national bank; parent Seacoast Banking Corporation of Florida (Nasdaq: SBCF)

4. Seacoast Banking Corporation of Florida — publicly held parent of Appellee; Nasdaq: SBCF

5. Klopp, Amanda Leigh, Esq. — Counsel for Appellee; Akerman LLP

6. Yoss, Jenna Morgan, Esq. — Counsel for Appellee; Akerman LLP

7. Akerman LLP — Law firm for Appellee

8. National Liquidators — Court-appointed substitute custodian; 800 Old Griffin Rd, Dania Beach, FL 33004

9. Dimitrouleas, Hon. William P. — District Court Judge, S.D. Fla.

No publicly held corporation owns 10% or more of Appellant's interests. Appellant is a natural person.


## I. INTRODUCTION AND EMERGENCY RELIEF REQUESTED

Appellant Charles Jacob Stratmann, appearing solely in his individual capacity pursuant to 28 U.S.C. § 1654, respectfully moves this Court under Federal Rule of Appellate Procedure 8(a)(2) for an emergency stay of the judicial sale of M/V Slow UR Roll II, a 2008 Everglades 350LX Express, Official No. 1220768, currently scheduled for June 26, 2026, at 12:00 PM EST, in the Southern District of Florida.

Appellant has filed this appeal of district court Orders DE 79 (June 23, 2026) and DE 84 (June 25, 2026), and has filed a concurrent Emergency Motion for Stay in the district court under Fed. R. Civ. P. 62(b) and Fed. R. App. P. 8(a)(1). The district court has not ruled on that motion prior to the scheduled sale. Accordingly, Appellant moves this Court for emergency relief under Fed. R. App. P. 8(a)(2), which authorizes this Court to grant a stay when the district court has not acted in time.

Time is critical. The sale is tomorrow. Once the vessel is sold and title passes to a third-party buyer with no notice of this appeal, the relief sought on appeal may become moot and Appellant's personal property aboard the vessel — proprietary intellectual property never assigned to the vessel-owning LLC — will be irretrievably lost.

## II. STATEMENT OF JURISDICTION

This Court has jurisdiction over this appeal under 28 U.S.C. § 1291. The orders appealed — DE 79 and DE 84 — are final orders striking Appellant's claim and denying a stay motion in a proceeding in which a final default judgment has been entered. Appellant's Notice of Appeal was filed in the district court on June 25, 2026, within 30 days of DE 79 (June 23) and DE 84 (June 25), and is timely under Fed. R. App. P. 4(a)(1)(A). This Court has authority to grant a stay pending appeal under Fed. R. App. P. 8(a)(2).

## III. STATEMENT OF THE CASE

3.1 Underlying Action. Seacoast National Bank filed this in rem admiralty foreclosure action against M/V Slow UR Roll II and in personam against vessel-owning entity Starboard Yacht Group LLC on February 3, 2026. Case No. 0:26-cv-60289-WPD (S.D. Fla.). On May 21, 2026, the district court entered a Default Judgment [DE 70] in favor of Seacoast in the amount of $168,773.21, condemning the vessel to judicial sale. The Default Judgment expressly retained jurisdiction for further orders.

3.2 Appellant's Claim and Its Striking. On June 5, 2026, Appellant filed a Verified Claim for Seaman's Wages and Motion to Vacate Default Judgment [DE 72], asserting a maritime wage lien of $478,225 based on 1,739 hours of maritime labor performed aboard the vessel from August 2022 through December 2024. On June 23, 2026, the district court entered Order DE 79, striking the claim on the ground that Appellant, as sole member and manager of SYG LLC, was not a "stranger to the vessel" under Sasportes v. M/V Sol de Copacabana, 581 F.2d 1204, 1208 (5th Cir. 1978).

3.3 Denial of Emergency Stay. On June 25, 2026, the district court entered Order DE 84 denying Appellant's Emergency Motion to Stay Judicial Sale [DE 75].

3.4 Pending Motion DE 82. On June 24, 2026, Appellant filed an Emergency Motion to Preserve Physical and Electronic Evidence, Hold Sale Proceeds in Court Registry, and for Reconsideration of DE 79 [DE 82], raising Appellant's individual intellectual property ownership claim. DE 82 remains pending; responses are due July 8, 2026. The district court has not ruled on DE 82.

3.5 Scheduled Sale. The vessel is scheduled for auction on June 26, 2026, at 12:00 PM EST, with a starting bid of $100.00. Sale confirmation is scheduled for July 3, 2026.

## IV. COMPLIANCE WITH FED. R. APP. P. 8(a)(1)

Fed. R. App. P. 8(a)(2) requires a party seeking a stay from the court of appeals to show that "moving first in the district court would be

4

impracticable" or that "the district court has denied the motion or failed to afford the relief requested." Appellant satisfies both conditions:

(a) Appellant moved in the district court on June 25, 2026, filing an Emergency Motion for Stay under Fed. R. Civ. P. 62(b) and Fed. R. App. P. 8(a)(1). A true copy is attached hereto as Exhibit A.

(b) The district court previously denied Appellant's emergency stay motion [DE 75] by Order DE 84 entered June 25, 2026.

(c) The district court has not ruled on Appellant's current Emergency Motion for Stay prior to the sale scheduled for 12:00 PM on June 26, 2026. Given the timing, it is impracticable to await district court action.

## V. STANDARD FOR STAY PENDING APPEAL

A court evaluating a stay pending appeal weighs four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The first two factors are "the most critical." Id.

## VI. FACTOR ONE: LIKELIHOOD OF SUCCESS ON THE MERITS

6.1 The District Court Applied Sasportes Categorically Without Conducting the "Whole Relationship" Inquiry Required by This Court. The district court relied on Sasportes v. M/V Sol de Copacabana, 581 F.2d 1204, 1208 (5th Cir. 1978), to categorically bar Appellant's wage claim on the ground that he is the sole member of the vessel-owning LLC. This Court in Fulcher's Point Pride Seafood, Inc. v. M/V Theodora Maria, 935 F.2d 208, 211 (11th Cir. 1991), held that the Sasportes framework requires a fact-specific examination of the "whole relationship" between the claimant and the vessel

to determine whether a disqualifying joint venture or co-ownership relationship exists. Id. The district court made no such finding. Categorical application of Sasportes without the "whole relationship" analysis required by Fulcher's Point is reversible error.

6.2 LLC Separateness. Florida law provides that a limited liability company is a legal entity separate and distinct from its members. Fla. Stat. § 605.04093. Appellant's claim is for wages — 1,739 hours of physical maritime labor for which he was never compensated — not for a return on equity. The Supreme Court holds that seaman status turns on "employment-related connection to a vessel in navigation," determined by the nature of work performed, not ownership titles. McDermott International, Inc. v. Wilander, 498 U.S. 337, 355 (1991). These questions present substantial issues for appellate review.

6.3 Independent Merits Basis: Appellant's Personal Intellectual Property. Appellant's pending motion DE 82 raises an entirely independent legal theory: the proprietary installation architecture, trade-secret configuration data, and integration methods aboard the vessel are the personal intellectual property of Appellant, Charles Jacob Stratmann, individually, and have never been assigned to SYG LLC. Preservation of Appellant's personal intellectual property does not depend on seaman status, Sasportes, or the wage lien theory. It rests on the district court's inherent authority to prevent irreparable evidence loss, Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991), and the court's retained jurisdiction under DE 70. The district court has not ruled on this independent theory.


## VII. FACTOR TWO: IRREPARABLE HARM

7.1 Mootness. If the vessel is sold and title passes to a third-party buyer before this appeal is resolved, the appeal risks becoming moot. Once proceeds are distributed, there is no res against which relief can run. See Deckert v. Independence Shares Corp., 311 U.S. 282, 290 (1940). This is the paradigmatic irreparable harm in the stay-pending-appeal context.

7.2 Loss of Appellant's Personal Intellectual Property. The vessel contains proprietary systems that are the personal intellectual property of Appellant, including a first-of-its-kind Seakeeper SK-5 gyroscopic stabilizer installed on a custom metal foundation, a first-in-the-United-States Humphree Lighting system, and proprietary cross-system integration data stored in onboard controllers. This work product was developed by Appellant individually and has never been assigned to SYG LLC. Once the vessel is transferred to a third party, the buyer has no preservation obligation, and these systems — including the trade-secret configuration data stored in onboard electronics — will be irrecoverably lost. See Flury v. Daimler Chrysler Corp., 427 F.3d 939, 943-44 (11th Cir. 2005). These systems are also material physical evidence in two pending federal cases: Stratmann v. Ivankovich et al., No. 0:26-cv-61150-PAB (S.D. Fla.), and Stratmann v. Seakeeper, Inc. et al., No. 1:26-cv-01332-MJM (D. Md.). Because this intellectual property belongs to Appellant individually, the harm runs directly to him in the precise capacity in which he appears in this appeal — not to the defaulted LLC.

7.3 Value Disparity. The vessel's independent appraised value is $1,000,000 market / $1,350,000 replacement (Paul R. Anstey, Inc., Survey File No. 15256B, May 8, 2024). The judgment is $168,773.21. The starting bid is $100.00. The risk of a commercially unreasonable sale that extinguishes more than $800,000 in equity — with no floor and no lien-priority adjudication — cannot be remedied by damages.

## VIII. FACTOR THREE: HARM TO OPPOSING PARTY

A stay imposes minimal harm on Appellee Seacoast National Bank. Seacoast's adjudicated mortgage claim of $168,773.21 is secured. The vessel remains in the custody of court-appointed substitute custodian National Liquidators. Seacoast's security interest survives intact pending appellate review. In the alternative, a registry-hold on sale proceeds — which requires no stay of the sale itself — imposes zero harm on Seacoast, as proceeds remain available for distribution upon resolution of this appeal.

## IX. FACTOR FOUR: PUBLIC INTEREST

The public interest favors: (i) preservation of material evidence relevant to pending federal litigation before it is irreversibly transferred; (ii) appellate review of the legal question whether the Fulcher's Point "whole relationship" test was correctly applied; and (iii) correct application of the maritime lien priority scheme under 46 U.S.C. § 31326(b)(1) before proceeds are distributed.

## X. ALTERNATIVE RELIEF

If this Court declines to stay the sale, Appellant respectfully requests, in the alternative, that this Court order that all proceeds of the June 26, 2026 judicial sale be deposited into the district court's registry and held pending (i) resolution of this appeal, (ii) the district court's ruling on the pending motion DE 82, and (iii) adjudication of lien priority. This registry-hold requires no reversal of any prior order and imposes no prejudice on any party.

## XI. RELIEF REQUESTED

For the foregoing reasons, Appellant Charles Jacob Stratmann respectfully requests that this Court:

(A) Stay the judicial sale of M/V Slow UR Roll II scheduled for June 26, 2026, at 12:00 PM EST, pending resolution of this appeal;

(B) In the alternative, order that all proceeds of the judicial sale be deposited into the district court's registry pending (i) resolution of this appeal, (ii) the district court's ruling on DE 82, and (iii) adjudication of lien priority;

(C) In the further alternative, stay confirmation of the sale (scheduled July 3, 2026) for seven (7) days to permit briefing and the district court to rule on DE 82; and

(D) Grant such other and further relief as this Court deems just and proper.

## VERIFICATION (28 U.S.C. § 1746)

I declare under penalty of perjury under the laws of the United States of America that the factual statements set forth in this Emergency Motion are true and correct to the best of my knowledge. I further certify that every case citation in this motion has been independently verified to the reporter, volume, page, and holding stated.

Respectfully submitted,

Charles Jacob Stratmann
Claimant/Appellant, Pro Se
545 NE 17th Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 873-8546
Email: jake@starboardyacht.com

Date: June 25, 2026

## EXHIBITS

Exhibit A — Emergency Motion for Stay of Judicial Sale Pending Appeal (district court filing, June 25, 2026)

Exhibit B — Notice of Appeal of DE 79 and DE 84 (district court filing, June 25, 2026)

Exhibit C — Order Striking Verified Claim and Denying Motion to Vacate Default Judgment [DE 79], June 23, 2026

Exhibit D — Order Denying Emergency Motion to Stay Judicial Sale [DE 84], June 25, 2026

Exhibit E — Default Judgment [DE 70], May 21, 2026 (retained jurisdiction language)

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2026, a true and correct copy of the foregoing Emergency Motion was served via email and U.S. Mail upon:

Amanda Klopp, Esq. / Jenna M. Yoss, Esq.
Akerman LLP
777 S. Flagler Drive, Suite 1100 West Tower
West Palm Beach, FL 33401
amanda.klopp@akerman.com | jenna.yoss@akerman.com
Counsel for Appellee Seacoast National Bank

National Liquidators
800 Old Griffin Rd
Dania Beach, FL 33004
Substitute Custodian

/s/ Charles Jacob Stratmann
Charles Jacob Stratmann