# UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

**Case No. 26-12270-G**

**SEACOAST NATIONAL BANK,**

Plaintiff-Appellee,

v.

STARBOARD YACHT GROUP LLC,

Defendant-Appellant.

On Appeal from the United States District Court

for the Southern District of Florida

Case No. 0:26-cv-60289-WPD (Judge Dimitrouleas)

**APPELLANT'S SUPPLEMENTAL LETTER PURSUANT TO FRAP 28(j)**

**ADVISING OF MATERIAL DEVELOPMENTS AFFECTING**

**PENDING EMERGENCY MOTION FOR STAY**

July 17, 2026

Clerk of Court, United States Court of Appeals for the Eleventh Circuit, 56 Forsyth Street, N.W., Atlanta, Georgia 30303

**Re: Case No. 26-12270-G — Supplemental Letter Regarding Pending Emergency Motion for Stay, Notice of Supplemental Authority Under FRAP 28(j), and Notice of Pending Rule 62.1 / FRAP 12.1 Indicative Ruling Request**

Dear Clerk of Court:

**Pursuant to FRAP 28(j) and in connection with Appellant's pending Emergency Motion for Stay Pending Appeal (filed July 2, 2026) and Supplemental Brief (filed July 10, 2026), Appellant respectfully advises the Court of material developments in the district court that have occurred since Appellant's last filing and that bear directly on the pending stay motion. These developments demonstrate that the sale confirmation this Court is being asked to stay was procured through a false statement by Appellee's counsel that bypassed the district judge's own confirmation directive, and that a Rule 60(d)(3) motion for fraud on the court — including an alternative request for an indicative ruling under Federal Rule of Civil Procedure 62.1 — is now pending below.**

**This letter serves three purposes: (I) to cite supplemental authority under FRAP 28(j); (II) to advise the Court of material factual developments; and (III) to notify the Court that the district court may issue an indicative ruling under Rule 62.1 triggering the FRAP 12.1 remand procedure, and to request that the Court preserve the status quo pending the district court's action.**

**I. Supplemental Authority — DE 107 (July 14, 2026)**

**Pursuant to FRAP 28(j), Appellant cites the following supplemental authority that was not available at the time of Appellant's Supplemental Brief (filed July 10, 2026):**

Order, DE 107, *Seacoast National Bank v. M/V Slow UR Roll II*, No. 0:26-cv-60289-WPD (S.D. Fla. July 14, 2026) (Dimitrouleas, J.).

In DE 107, the district court overruled Appellant's objections to the judicial sale and then directed: "To the extent Plaintiff seeks confirmation of the judicial sale, Plaintiff shall file a motion for confirmation of judicial sale in the record, along with a proposed order emailed to Chambers." DE 107 at 2.

This order is pertinent to the pending stay motion because it establishes that the district court retained personal control over the confirmation process. The court used mandatory language ("shall") and designated Chambers — the judge personally — as the reviewing authority for the proposed confirmation order. DE 107 is an unambiguous directive that the confirmation was to proceed through judicial review, not through ministerial processing by the Clerk.

The events that followed DE 107 are the subject of Sections II through VI below.

## II. The False Statement in DE 108 (July 14, 2026)

On the same day DE 107 was entered — July 14, 2026 — Appellee's lead counsel Amanda Klopp, Esq. filed DE 108, a Motion for Confirmation of Sale. DE 108 represents to the district court that no objections to the sale are on file.

This statement is false. Three objections were filed:

      (i)      DE 92 — Objection to Sale (filed June 25, 2026)

      (ii)      DE 96 — Motion for Disclosure of Bidder Identities (filed July 6, 2026)

      (iii)      DE 97 — Claimant's Protest of Judicial Sale (filed July 6, 2026)

Ms. Klopp had actual knowledge that the objections existed. On July 7, 2026, she personally drafted, signed, and filed DE 98 — Plaintiff's Response in Opposition to Appellant's objections. Seven days later, she filed DE 108 stating no objections were on file.

The district court's own order at DE 107 — entered the same day as DE 108 — independently proves the objections existed. DE 107 states that the court "carefully reviewed the Objection [DE 92], the Motions [DEs 96, 97], Plaintiff's Response [DE 98], Stratmann's Reply [DE 104] and supporting affidavits [DEs 103, 105], and the record as a whole." DE 107 at 1. Ms. Klopp's statement that no objections were on file was made on the same day the district court proved the statement false by ruling on those very objections.

### III. The Unsigned Proposed Order — DE 108-2 (July 14, 2026)

DE 108 was accompanied by two attachments:

(i)    DE 108-1 — A proposed Clerk's Confirmation of Sale form (the ministerial pathway instrument)

(ii)    DE 108-2 — A proposed Order for Judge Dimitrouleas's signature, directing the Clerk to enter confirmation

DE 108-2 contains a blank date line and a blank signature line for the judge. It was never signed. It does not appear on the docket as a separate court order. No order directing the Clerk to enter confirmation appears anywhere on the docket between DE 108 and DE 109.

The submission of DE 108-2 is significant for two reasons. First, it demonstrates that Ms. Klopp herself understood that judicial authorization was required before the Clerk could act — consistent with the directive at DE 107, which instructed her to submit a proposed order to Chambers for the judge's review. Second, the fact that DE 108-2 was never signed proves that the judicial review the district court directed at DE 107 never occurred. The proposed order the

judge was meant to review and sign remains on the docket exactly as Ms. Klopp filed it —
unsigned, undated, unexecuted.

**IV. The Clerk's Confirmation — DE 109 (July 15, 2026)**

On July 15, 2026 — one day after DE 108 was filed — Deputy Clerk Lisa I. Streets
entered DE 109, the Clerk's Confirmation of Sale. DE 109 is a standard ministerial form that
states: "The records in this action indicate that no objection has been filed to the sale of property
conducted by the U.S. Marshal on June 26, 2026." DE 109 cites Local Admiralty Rule E(17)(f)
as its authority.

DE 109 was entered:

> (i)     One day after DE 108 was filed;

> (ii)    Without the district judge's signature on the proposed order at DE 108-2;

> (iii)   Without any judicial order directing the Clerk to act;

> (iv)    Thirteen days before Appellant's time to respond to DE 108 under Local
> Rule 7.1(c) had expired; and

> (v)     Through the ministerial Pathway A procedure, which was procedurally
> unavailable because objections had been filed, briefed, and adjudicated, and because the
> district court had directed the confirmation to proceed through judicial review at DE 107.

The Clerk's Office confirmed to Appellant by telephone that DE 109 was processed by a
law clerk. The law clerk had no independent knowledge of the prior docket activity and relied
entirely on Ms. Klopp's representation in DE 108 that no objections were on file.

**V. The Coordination Between the Appellate Extension and the District Court Acceleration**

This Court should be aware of the following timeline:

(i)    July 13, 2026: Kristen M. Fiore, Esq. (Akerman LLP, Tallahassee) filed a motion for extension of time in this Court, requesting that Appellee's deadline to respond to Appellant's Emergency Motion for Stay be extended from July 13 to July 17, 2026. The extension was granted.

(ii)    July 14, 2026: While Appellee's response deadline in this Court was paused, Ms. Klopp filed DE 108 in the district court with the false statement that no objections were on file. On the same day, Judge Dimitrouleas entered DE 107 — which itself proves the objections existed and directs the confirmation to proceed through judicial review.

(iii)    July 15, 2026: The Clerk entered DE 109, confirming the sale — two days before Appellee's extended response deadline in this Court.

(iv)    July 17, 2026: Appellee's extended response deadline in this Court. By this date, the sale had been confirmed for two days.

(v)    (v) July 17, 2026: Appellee filed its Response to Appellant's Emergency Motion for Stay (Document 14) on the final day of its extended deadline -- the same day the sale had already been confirmed for two days. Appellant has not yet had an opportunity to review the Response. Appellant notes, however, that the timing speaks for itself: Appellee obtained a four-day extension of the response deadline -- from July 13 to July 17, 2026 -- during which time Appellee's trial counsel obtained confirmation of the sale in the district court through the false statement described above. The sale was confirmed at DE 109 on July 15, 2026, before this Court received Appellee's Response and before this Court could act on Appellant's emergency request. Appellant reserves the right to file a reply addressing the substance of Appellee's Response upon review.

The effect of this coordination is that while one Akerman attorney obtained additional time in this Court — the proceeding in which Appellant was seeking to halt the sale — another Akerman attorney accelerated the district court proceeding to confirm the sale, using a false factual representation to bypass the district judge's own confirmation directive. The sale was confirmed before this Court received Appellee's response to the stay motion and before this Court could act on Appellant's emergency request.

**VI. The Pending Rule 60(d)(3) Motion and Rule 62.1 Indicative Ruling Request**

6.1 The Motion. On July 17, 2026, Appellant filed in the district court an Emergency Supplemental Motion to Vacate DE 109 for Fraud on the Court Pursuant to Rule 60(d)(3), for Order to Show Cause re: Violation of the Court's Order at DE 107, and for Emergency Stay and Protective Order; or in the Alternative, for Indicative Ruling Pursuant to Federal Rule of Civil Procedure 62.1. The motion was docketed as DE 114. A copy of the stamped first page and the full motion are attached as Attachment 6. The motion:

(i)     Sets forth the elements of fraud on the court under the Eleventh Circuit's standard in *Travelers Indemnity Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985), each established by the district court's own docket entries;

(ii)     Demonstrates that the false statement in DE 108 changed the procedural pathway, converting a judicial act the district court directed at DE 107 into a ministerial act processed by a law clerk without judicial review;

(iii)     Presents evidence that Ms. Klopp's false statement constitutes a violation of the district court's own order at DE 107, which directed Plaintiff to submit a proposed order to Chambers for the judge's review — a process that never occurred;

(iv)      Presents motive evidence, including an order of the Bankruptcy Court for the Southern District of Florida (Case No. 24-15755-LMI, ECF No. 57) personally naming Ms. Klopp as debtor-in-possession counsel for the Ivankovich debtor entities — creating a direct, personal financial conflict of interest with her simultaneous representation of Seacoast in prosecuting Appellant;

(v)      Requests that the district court issue an order to show cause directing Ms. Klopp to appear and explain her conduct; and

(vi)      Requests, in the alternative, an indicative ruling under Rule 62.1 as described in Section VII below.

## VII. The FRAP 12.1 Indicative Ruling Framework

7.1 The Procedure. Federal Rule of Civil Procedure 62.1(a)(3) provides that if a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Federal Rule of Appellate Procedure 12.1 provides the corresponding appellate procedure: if the district court issues such an indicative ruling, the movant must promptly notify the circuit clerk, and this Court may remand for further proceedings while retaining jurisdiction over the appeal.

7.2 Notice Obligation. If the district court issues any indicative ruling under Rule 62.1(a)(3) — whether stating that it would grant the motion or that the motion raises a substantial issue — Appellant will promptly notify the Clerk of this Court under FRAP 12.1(a), attaching a copy of the district court's ruling, and will request remand under FRAP 12.1(b) for the limited purpose of allowing the district court to rule on the merits of the Rule 60(d)(3) motion.

7.3 Two Possible Indicative Rulings. The motion at DE 114 presents two levels of indicative ruling for the district court's consideration:

(i)    "Would Grant" Ruling. If the district court reviews the motion and concludes that it is meritorious, the court may state that it would grant the motion — including vacatur of DE 109 and issuance of the show-cause order — if this Court remands for that purpose. This is the strongest form of indicative ruling and would provide this Court with the district judge's assessment that the sale confirmation was procured through fraud on the court.

(ii)   "Substantial Issue" Ruling. If the district court determines that the motion presents complex issues warranting further proceedings — including an evidentiary hearing, disclosure of whether the proposed order was emailed to Chambers as directed by DE 107, or argument on the contempt and sanctions questions — the court may state that the motion raises a substantial issue. The Advisory Committee Notes to FRAP 12.1 illustrate the "substantial issue" standard with a hypothetical involving fraud during the litigation process as exactly the type of allegation that qualifies. The fraud alleged here — by an officer of the court, directed at the court's own confirmation machinery, circumventing the court's own order — is at least as serious as the Advisory Committee's illustration.

7.4 Limited Remand. Appellant recognizes that this Court has discretion whether to remand under FRAP 12.1(b). If the district court issues a favorable indicative ruling, Appellant respectfully submits that remand would serve judicial economy and the interests of justice. The district court is best positioned to evaluate the fraud-on-the-court allegations because: (a) the fraud was directed at the district court's own confirmation machinery; (b) the order that was

circumvented (DE 107) was the district judge's own directive; (c) the proposed order that was never signed (DE 108-2) was submitted for the district judge's review; and (d) the contempt, sanctions, and disciplinary referral questions involve the district court's supervisory authority over attorneys appearing before it.

7.5 Retention of Jurisdiction. A remand under FRAP 12.1 does not divest this Court of appellate jurisdiction. This Court retains jurisdiction unless it expressly dismisses the appeal. If the district court grants the Rule 60(d)(3) motion on remand and vacates DE 109, Appellant will promptly notify this Court of the district court's ruling and its effect on the issues on appeal.

7.6 If the District Court Denies the Motion or Declines to Issue an Indicative Ruling. If the district court denies the Rule 60(d)(3) motion or declines to issue an indicative ruling, Appellant will promptly notify this Court. In that event, the fraud-on-the-court allegations and the violation-of-order evidence presented in this letter would remain before this Court as part of the pending stay motion and the appeal on the merits.

## VIII. Relevance to the Pending Stay Motion

These developments bear directly on the four-factor stay analysis before this Court.

8.1 Likelihood of Success on the Merits. The probability that Appellant will succeed on the merits has increased substantially. The sale confirmation at DE 109 was entered (a) through a procedural pathway that was unavailable because objections had been filed and adjudicated; (b) without the district judge's signature on the proposed order; (c) in circumvention of the district court's own directive at DE 107; and (d) on the basis of a false factual representation by Appellee's counsel that caused the Clerk to bypass judicial review. These circumstances — individually and collectively — support vacatur on appeal. The pendency of the Rule 60(d)(3)

motion at DE 114, with its additional fraud-on-the-court, violation-of-order, and financial-motive evidence, further strengthens Appellant's position.

8.2 Irreparable Harm. The vessel (appraised at $1,000,000) was sold for $160,000 (sixteen percent of appraised value). If the vessel is transferred to the purchaser and altered, moved, or resold, vacatur of the sale becomes meaningless. The harm is irreparable and imminent. The need for a stay is particularly acute given the pending Rule 60(d)(3) motion at DE 114 and the potential for a Rule 62.1 indicative ruling — both of which require the status quo to be preserved to have any practical effect.

8.3 Balance of Equities. The purchase funds ($160,000) remain in federal custody. The purchaser, William Wilson, bears no risk from a stay — if the sale is upheld, he receives the vessel; if set aside, he receives his money back in full. Appellant permanently loses a vessel appraised at six times the sale price if the stay is denied. The balance of equities strongly favors preserving the status quo while the district court addresses the fraud-on-the-court motion and the Rule 62.1 request.

8.4 Public Interest. The public interest is served by preserving the status quo while the district court addresses whether a sale confirmation was procured through fraud on the court and in violation of the court's own order. Permitting the transfer of a vessel sold at sixteen percent of appraised value, confirmed without judicial review, on the basis of a false statement by an officer of the court, does not serve the public interest. The FRAP 12.1 procedure exists precisely for situations where the district court should have the first opportunity to address post-judgment issues while the appeal is pending. Allowing that procedure to function requires that the subject of the sale — the vessel — remain in the status quo.

**IX. Request**

Appellant respectfully requests that this Court:

(i)    Maintain Appellant's Emergency Motion for Stay on its emergency docket;

(ii)    Grant the stay pending appeal, preventing the transfer of the vessel and disbursement of sale proceeds;

(iii)    In the alternative, if this Court determines that the district court should address the Rule 60(d)(3) motion at DE 114 in the first instance, issue an administrative stay or temporary stay preserving the status quo while the district court rules on the pending motion, including any indicative ruling under Rule 62.1;

(iv)    In the further alternative, if the district court issues an indicative ruling under Rule 62.1(a)(3), remand under FRAP 12.1(b) for the limited purpose of allowing the district court to rule on the merits of the Rule 60(d)(3) motion, while retaining jurisdiction over the appeal;

(v)    Direct that this letter be filed in the record and served on all parties; and

(vi)    Grant such other relief as the Court deems just and proper.

Appellant will promptly notify the Clerk of this Court under FRAP 12.1(a) of any indicative ruling issued by the district court, and will file a request for remand under FRAP 12.1(b) at that time.

Respectfully submitted,

Charles Jacob Stratmann Authorized Representative, Starboard

Yacht Group LLC 545 NE 17th Avenue Fort Lauderdale, Florida

33301 Telephone: (954) 873-8546 Email:

jake@starboardyacht.com Pro Se Defendant-Appellant

Date: July 17, 2026

**Certificate of Service**

I HEREBY CERTIFY that on July 17, 2026, the foregoing was served by email and U.S. Mail on:

Kristen M. Fiore, Esq. Akerman LLP 106 East College Avenue, Suite 1200 Tallahassee, FL 32301 kristen.fiore@akerman.com

Amanda Klopp, Esq. Akerman LLP 777 S. Flagler Drive, Suite 1100 — West Tower West Palm Beach, FL 33401 amanda.klopp@akerman.com

---

Charles Jacob Stratmann

Date: July 17, 2026

Attachments

(i)     Attachment 1 — DE 107: Order overruling objections and directing confirmation procedure (entered July 14, 2026, Judge Dimitrouleas)

(ii)     Attachment 2 — DE 108: Motion for Confirmation of Sale (filed July 14, 2026, Amanda Klopp)

(iii)     Attachment 3 — DE 108-2: Proposed Order Granting Confirmation (unsigned, blank date and signature lines)

(iv)     Attachment 4 — DE 109: Clerk's Confirmation of Sale (entered July 15, 2026, Deputy Clerk Lisa I. Streets)

(v)    Attachment 5 — Order Approving Employment of Bankruptcy Counsel, Case No. 24-15755-LMI, ECF No. 57 (naming Eyal Berger, Amanda Klopp, and Akerman LLP as DIP counsel, effective June 17, 2024)

(vi)    Attachment 6 — DE 114: Appellant's Emergency Supplemental Motion to Vacate DE 109 for Fraud on the Court (filed July 17, 2026, Case No. 0:26-cv-60289-WPD) (CM/ECF stamped first page and full motion)